L. DESOBRY & SONS *v.* J. CARMENA.

The hypothecary action may be prosecuted by resort to the executory process, in those cases in which it is allowed, and where the property can be directly seized in the hands of the third possessor, but if it cannot be seized because the third possessor refuses to deliver it up, the hypothecary creditor may proceed by an ordinary action to compel him to deliver it up, or pay the amount for which it stands hypothecated. C. P. 68.

In the hypothecary action, if the plaintiff prove that the property subject to the mortgage was once in the defendant's possession, it then rests on the defendant, in order to discharge himself from the obligation of either delivering it or paying the debt, to show in what manner he has parted with the possession—if he has sold the property, he is no longer liable, and the creditor must pursue it in other hands; but, if it continues in his possession, or under his control, he must either pay the debt, or deliver it up.

APPEAL from the District Court of East Baton Rouge, *Robertson*, J. *S. Matthews*, for plaintiff. *J. W. Seymour*, for defendant and appellant.

OGDEN, J. This suit commenced by executory process, to enforce a judicial mortgage on property in the hands of defendant as third possessor. The plain-

tiffs, in their petition, alleged that *Nancy Nady*, against whom they had obtained and recorded a judgment, had transferred, by notarial act, to the defendant, a negro woman named *Ann*, who, while her property, was affected by their judicial mortgage, and prayed that the defendant might be condemned to deliver up the negro to be sold in satisfaction of the judgment, or in default thereof, that he be condemned to pay the amount of the judgment and interest. The order of the Judge, on this petition was, that defendant should deliver up the mortgaged property within ten days, to be sold to satisfy the plaintiffs' judgment, and that in default of so doing, execution should issue against him for the amount of the judgment and interest. On the writ which issued, the Sheriff returned that he had demanded the negro woman from the defendant, who replied, that she was not in his possession; and that after diligent search she could not be found in the parish. The plaintiff then caused an execution to issue against the defendant, under which the Sheriff seized other property, and this execution having been enforced, the proceedings under it were subsequently dismissed, on motion of the plaintiffs. A supplemental petition was then filed, setting forth the proceedings which had taken place under the executory process, and praying that the defendant be cited and condemned to pay the amount of the plaintiffs' mortgage debt, in consequence of his failure to deliver up the negro woman to the Sheriff, or offer any excuse for failing to obey the order of the court. To this supplemental petition, the defendant filed an exception, denying the existence of any cause of action against him, as disclosed by the supplemental petition, and afterwards an answer was filed, denying all the allegations of the petition, except the purchase by him of the negro woman. On these pleadings, a judgment was rendered absolutely against the defendant for the amount of the plaintiff's claim, and the defendant has appealed.

The answer of the defendant is general in its terms, and must be considered as applying to the original as well as the amended petition. It is only in the original petition, that the averment was made, that the defendant had purchased the negro woman, and this fact is expressly admitted in the answer. Although the proceedings were extremely irregular, the petition for the order of seizure and sale, and the supplemental petition taken together, converted the suit into one, to enforce the plaintiffs' mortgage by the ordinary action. The hypothecary action may be prosecuted by resort to the executory process in those cases in which it is allowed, and where the property can be directly seized in the hands of the third possessor; but, if it cannot be seized because the third possessor refuses to deliver it up, the hypothecary creditor may proceed by an ordinary action to compel him to deliver it up, or pay the amount for which it stands hypothecated. C. P., Art. 68. *Venott's Heirs* v. *Caudolle*, 4th Mart, N. S. 402. *Broussard* v. *Phillips*, 6th N. S. 310.

In such an action, if the plaintiff prove that the property subject to the mortgage was once in the defendant's possession, it then rests on the defendant, in order to discharge himself from the obligation of either delivering it up, or paying the debt, to show in what manner he has parted with the possession—if he had sold the property, he is no longer liable, and the creditor must pursue it in other hands; but if it continues in his possession, or under his control, he must either pay the debt or deliver it up. By the notarial act of sale from the plaintiffs' judgment debtor to the defendant, the defendant in fact acknowledged the delivery to him of the negro woman, and it was thus

24

MACON
v.
WILLSON.

sufficiently established on the part of the plaintiff, that the defendant was a third possessor of the property subject to the mortgage, and in the absence of any proof on his part to show that he had subsequently parted with his title and possession under that sale, we think the plaintiff was entitled to a judgment against him. The judgment, however, should have been in the alternative, that he either surrender the property or pay the debt.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be avoided and reversed, and proceeding to give such judgment as in our opinion should have been given : It is further ordered and adjudged, that the defendant deliver up the negro woman *Ann*, to be sold in satisfaction of the plaintiff's hypothecary claim as set forth in his petition; and that in default of doing so, within ten days from demand, that said defendant pay to the plaintiff the sum of three hundred and fifteen dollars, with interest thereon at the rate of eight per cent. per annum from the 2d of January, 1849, until paid, and that defendant pay costs in the lower court, except the costs of the order of seizure and sale, and of the seizure and execution under it, which together with the costs of appeal, are to be borne by the plaintiffs.